854 F.2d 1316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AMERICAN FURNITURE COMPANY, INC., Plaintiff-Appellee,
v.
The SHERATON CORPORATION, Defendant-Appellant.
 No. 87-3181.
 United States Court of Appeals, Fourth Circuit.
 Argued June 21, 1988.
Decided Aug. 4, 1988.
 
 W. Winburne King, III (David A. Senter, Adams, Kleemeier, Hagan, Hannah & Fouts on brief) for appellant.
 Ward Lynn Armstrong (Armstrong & Armstrong, W. Carrington Thompson, Clement & Wheatley on brief) for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this diversity action defendant, The Sheraton Corporation (Sheraton), appeals the decision of the district court[1] granting summary judgment for plaintiff American Furniture, Inc. (American) on American's claim for recovery from Sheraton of the balance of the purchase price, $248,796.37, of a shipment of furniture delivered to Sheraton in California and immediately resold to one of Sheraton's franchisees, the Miramar Hotel Corporation (Miramar). We affirm.
 
 
 2
 * In its complaint, American alleged that in October 1986, Sheraton, through its subdivision, Sheraton Supply Company, submitted a purchase order to American for a quantity of hotel furniture to be manufactured by American and shipped to a warehouse in California. American further alleged that the furniture was timely delivered in December 1986 and January 1987 but that after making an initial down payment Sheraton had refused and continued to refuse to pay the $248,796.37 balance of the purchase price.
 
 
 3
 Sheraton, in answering American's complaint, admitted that it had ordered and received the furniture from American as alleged and that it had resold the furniture, without inspection, to Miramar and had received full payment therefor. Sheraton next alleged that in late January 1987, Miramar reported to Sheraton certain defects in the condition of some of the furniture. In defense against American's claim, Sheraton then alleged that American had breached certain express and implied warranties regarding the furniture and that the damages flowing from such breaches that Sheraton might incur through suit against Sheraton by Miramar should be offset against any claims by American for the purchase price. Sheraton also moved to dismiss American's complaint for inability to obtain personal jurisdiction over Miramar as an indispensable party to the action or, alternatively, to transfer venue to the Central District of California.
 
 
 4
 American moved for summary judgment, noting that Sheraton had admitted receipt of the furniture, resale of the furniture, and receipt of full payment from Miramar for the furniture and that Miramar retained possession of the furniture and continued to use the bulk of it in its hotel. Sheraton then moved that the district court stay its proceedings on American's claim pending the outcome of a recently filed action in California Superior Court by Miramar against Sheraton and American for breach of warranty.
 
 
 5
 Following a hearing, the district court orally denied Sheraton's procedural motions and took American's motion for summary judgment under advisement. The district court thereafter granted American's motion for summary judgment without prejudice to Sheraton's right to bring suit against American for breach of warranty. Judgement was entered that Sheraton pay American $248,796.37 with interest from March 1, 1987. Sheraton has appealed both the grant of summary judgment for American and the denial of Sheraton's various procedural motions.
 
 II
 
 6
 Article 2-607(1) of the Uniform Commercial Code as adopted in Virginia[2] provides: "The buyer must pay at the contract rate for any goods accepted." See Va.Code Sec. 8.2-607(1) (1950). Article 2-606, defining acts constituting acceptance, in relevant part provides: "Acceptance of goods occurs when the buyer ... does any act inconsistent with the seller's ownership." Va.Code Sec. 8.2-606(1)(c) (1950).
 
 
 7
 The district court correctly held that Sheraton's admitted acts of acceptance of delivery of the furniture, resale of the furniture, collection and retention of full payment from Miramar for the furniture, coupled with Miramar's installation and continued use of the bulk of the furniture constituted acts inconsistent with American's ownership and therefore acceptance of the furniture as a matter of law. See Lorenzo Banfi di Banfi Renzo & Co. v. Davis Congress Shops, Inc., 568 F.Supp. 432, 433 (N.D.Ill.1983). There being no evidence that Sheraton notified American of revocation of its acceptance of the furniture, see Gasque v. Mooers Motor Car Co., 313 S.E.2d 384, 389-90 (Va.1984), summary judgment for American on its claim for recovery of the purchase price was properly entered. See Connecticut Investment Casting Corp. v. Made-Rite Tool Co., 416 N.E.2d 966, 969-70 (Mass.1981). Sheraton's allegations of American's breach of various warranties do not raise a viable defense to Sheraton's contractual liability for the purchase price of accepted goods. See id.; Akron Brick & Block Co. v. Moriz Eng'g Co., 310 N.E.2d 128, 130 (Mass.1974); see also Southern Illinois Stone Co. v. Universal Eng'g Corp., 592 F.2d 446, 455 (8th Cir.1979) (holding that defects in accepted goods cannot be raised as defense to contractual liability for the purchase price).
 
 
 8
 Sheraton's contentions that the district court erred in denying each of Sheraton's procedural motions merit only limited discussion. The district court did not abuse its discretion in determining that Miramar was not an indispensable party to this action on a contract to which Sheraton and American are the sole parties. See 7 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure Sec. 1613 (1986). Likewise, we cannot find an abuse of the district court's discretion in its denial of Sheraton's motion for a stay in favor of a later filed state proceeding involving issues and parties distinct from those in the present case. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-18 (1976). Finally, the district court did not abuse its discretion in denying Sheraton's motion to transfer venue to the United States District Court for the Central District of California on grounds of witness convenience where several witnesses were also present in Virginia and, as previously noted, Miramar's presence was not necessary for the resolution of this dispute between Sheraton and American.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The United States District Court for the Western District of Virginia, James C. Turk, district judge, presiding
 
 
 [2]
 Although the purchase order contained a Massachusetts choice of law provision, the parties have raised no objections to the district court's application of the relevant identical provisions of the Virginia Commercial Code